IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                     Case No.:  1:24-CR-42
                                                                                                                (JUDGE KLEEH)

STEVEN DAVID SEEGER,

    Defendant.

## **DEFENDANT'S RENEWED MOTION FOR RELEASE FROM DETENTION**

Comes now the defendant, Steven David Seeger, by and through his counsel, Thomas G. Dyer, and requests that the Court reconsider it's prior order of detention and release the defendant on terms and conditions as this Court may deem necessary.

In short, the defendant was originally detained in the Eastern District of California by order of the Honorable Chi Soo Kim, United States Magistrate Judge for the Eastern District of California, entered on July 16, 2024. The Defendant subsequently moved this Court to review and reconsider the Order of Magistrate Kim. A hearing was held on August 20, 2024. This Court denied the defendant's Motion and affirmed the original detention Order, finding that the defendant failed to overcome the presumption that no condition of combination of conditions would reasonably assure his appearance as required and the safety of the community.

The defendant now files the instant motion asking this Court to review and reconsider it's prior order and release the defendant on terms and conditions as may be deemed necessary or appropriate.

## Background

The discovery phase of this prosecution, coupled with numerous meetings and conferences with the FBI, has revealed certain facts and information which may not have been known to this Court at the time of its original review hearing, but may well bear upon a reconsideration of the defendant's release presently. Primary among these facts are the following:

(a) The allegations described in Counts 1 through 4 of the indictment in this case include misconduct on the part of the defendant which purportedly occurred in or about 2011 through 2014. Aside from Count 5 of the indictment which contains allegations that a device of the defendant seized by West Virginia law enforcement authorities in 2021 contained images of child pornography, there exists no evidence whatsoever that the defendant engaged in conduct similar to that described in Counts 1 through 4, or any other criminal conduct after the year 2014. This has been confirmed by the FBI.

(b) There was never any effort nor attempt on the part of the defendant to arrange for, plan or make any personal contact with any of the alleged victims in this case or otherwise, nothwithstanding his knowledge of the location of at least one (1) of the alleged victims.

(c) The defendant has had no contact of any nature with any of the alleged victims in this case for approximately the past five (5) years.

(d) During the pendency of the State of West Virginia's prosecution of the defendant, he had been made aware that the federal government was giving consideration to their own prosecution more than a year prior to the defendant's arrest/apprehension on the instant indictment. The defendant made no effort whatsoever to flee the jurisdiction, evade apprehension, or take any measure to avoid prosecution.

(e) Several months prior to the defendant's apprehension in California the defendant's undersigned counsel had conversations with one or more members of the United States Attorney's Office during which discussions the

        undersigned was advised that in the event that the federal government made the decision to prosecute this defendant itself, counsel would be contacted and arrangements would be permitted for the defendant to self-surrender.

(f)    Any representations by the defendant's ex-wife in the interim that the defendant was considering fleeing the country to avoid prosecution are entirely false.

(g)    At a time soon following the defendant's discovery that a misdemeanor arrest warrant had been issued for him in Nacogdoches County, Texas, the defendant contacted local attorneys Noel Cooper and Sean Hightower for the purpose of making arrangements to return to Texas to accept the warrant. Within weeks of making arrangements to return to Texas for that purpose, the defendant was arrested in West Virginia by local law enforcement authorities (for the same conduct that underlies this indictment) and ultimately placed on bond restrictions that prohibited his travel outside of the State's borders. He was thus unable to voluntarily return to Texas for the purpose of facing those misdemeanor criminal allegations. The defendant has never had any intention of attempting to avoid prosecution for those matters described in the Texas complaint.

(h)    The defendant's father, Gary Seeger, is an 80 year old veteran who lives in California. He is suffering from rapidly declining health and within the past few weeks underwent a laminectomy. He and the defendant have an extremely close relationship. His current condition would serve as additional disincentive for the defendant to consider absconding the jurisdiction.

The defendant would fully comply with any conditions or combination of conditions that this Court may impose as part of any release order. The defendant and his counsel would also be in a much better position to prepare for trial if the defendant were not incarcerated.

## Conclusion

Based upon the foregoing, Mr. Seeger would request that this Court reconsider its prior

Order and release Mr. Seeger pending trial, subject to any terms and conditions this Court deems necessary to ensure the safety of the community and also to ensure that Mr. Seeger appears for all future proceedings.

Dated this 12th day of March, 2025.

Respectfully submitted
Defendant
By Counsel

*/s/Thomas G. Dyer*
Thomas G. Dyer (WVSB# 4579)
Dyer Law
347 Washington Avenue
Clarksburg, WV 26301
dyerlawof@aol.com
**Counsel for Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v().    Case No.:  1:24-CR-42
    (JUDGE KLEEH)

STEVEN DAVID SEEGER,

    Defendant.

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing **Defendant's Renewed Motion for Release from Detention** was served upon the relevant parties via the CM/ECF filing system on the 12th day of March, 2025.

    */s/Thomas G. Dyer*
    Thomas G. Dyer (WVSB# 4579)
    Dyer Law
    347 Washington Avenue
    Clarksburg, WV 26301
    dyerlawof@aol.com
    **Counsel for Defendant**