IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

    **Plaintiff**

**v.**                                                          **Criminal Action No. 1:24-CR-42**

**STEVEN DAVID SEEGER,**

    **Defendant.**

## UNITED STATES' JURY INSTRUCTIONS

    Comes now the United States of America and Randolph J. Bernard, Acting United States Attorney for the Northern District of West Virginia, by Kimberley D. Crockett, Assistant United States Attorney, and submits the following jury instructions.

                                          Respectfully submitted,

                                          RANDOLPH J. BERNARD
                                          ACTING UNITED STATES ATTORNEY


                    By:    /s/Kimberley D. Crockett
                            Kimberley D. Crockett
                            Assistant United States Attorney

## UNITED STATES INSTRUCTION NO. 1

### (Coercion and Enticement of a Minor for Sex)

Count One of the Indictment charges that on or about September 2011, in Marion County, in the Northern District of West Virginia, and elsewhere, the Defendant **STEVEN DAVID SEEGER**, did knowingly use a facility and means of interstate commerce to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in any sexual activity for which any person could be charged with a criminal offense, which is to say that he did knowingly use the internet to persuade, induce, entice, and coerce an individual who he knew was a minor and who is designated herein as Jane Doe - 1, a 13 year-old girl at that time, to engage in sexually explicit conduct for the purpose of producing images and videos of such conduct, for which **STEPHEN DAVID SEEGER** could be charged with a criminal offense, to wit: Sexual Exploitation of Children, Title 18, United States Code, Section 2251(a), all in violation of Title 18, United States Code, Section 2422(b).

# UNITED STATES INSTRUCTION NO. 2

## (Coercion and Enticement of Minor for Sex – Elements)

Title 18, United States Code, Section 2422(b), makes it a Federal crime for any person to use a facility and means of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in any sexual activity for which any person could be charged with a criminal offense, or attempt to do so. For you to find the Defendant guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First: that Defendant knowingly, persuaded, induced, enticed, or coerced, or attempted to do so, the person in question to agree to engage in sexual activity;

Second: that he did so by using a facility or means of interstate or foreign commerce;

Third: that the person at the time was less than eighteen years old; and

Fourth: that the attempted sexual activity was a criminal offense.

Ruschky & Shealy, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 455* (2024 Online Edition).

# UNITED STATES INSTRUCTION NO. 3

## (Production of Child Pornography)

Count Two of the Indictment charges that on or about June 25, 2013, in Marion County, in the Northern District of West Virginia, and elsewhere, the Defendant **STEVEN DAVID SEEGER**, did knowingly employ use, induce, entice, and coerce, Jane Doe - 1, a 14 year-old girl at that time, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and such person knew or had reason to know that such visual depiction would be transported and transmitted using any means of facility of interstate or foreign commerce, and such visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in or affecting interstate or foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## **UNITED STATES INSTRUCTION NO. 4**

### **(Production of Child Pornography – Elements)**

Title 18, United States Code, Section 2251(a) makes it a Federal crime to use any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct. For you to find the Defendant guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>: that the defendant did one of the following:

    (1) employed, used, persuaded, induced, enticed, or coerced any minor to engage in any sexually explicit conduct;

    (2) had a minor assist any other person to engage in any sexually explicit conduct; or

    (3) transported any minor in interstate or foreign commerce, or in any territory or possession of the United States, with the intent that such minor engage in sexually explicit conduct;

<u>Second</u>: that the defendant did so for the purpose of either producing any visual depiction of such sexually explicit conduct or transmitting a live visual depiction of such sexually explicit conduct; and

<u>Third</u>: one of the following:

    (1) that the defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed;

      (2) that the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or

      (3) that the visual depiction had actually been transported or transmitted using any means or facility or interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

.

Ruschky & Shealy, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 405* (2024 Online Edition).

## **UNITED STATES INSTRUCTION NO. 5**

**(Solicitation of Child Pornography)**

Count Three of the Indictment charges that on or between May 26, 2014, Marion County, in the Northern District of West Virginia, and elsewhere, Defendant **STEVEN DAVID SEEGER**, did knowingly solicit, using any means and facility of interstate commerce, and in and affecting interstate commerce by any means, including by computer, any material in a manner that reflects the belief, and that is intended to cause another to believe, that the material is and contains a visual depiction of an actual minor engaging in sexually explicit conduct, in violation of Title 18 United States Code, Sections 2252A(a)(3)(B) and (b)(l).

## UNITED STATES INSTRUCTION NO. 6

### (Solicitation of Child Pornography – Elements)

Title 18, United States Code, Section 2252A(a)(3)(B) makes it a Federal crime to transport in interstate commerce, receive, or distribute, sell or possess with intent to sell child pornography. For you to find the Defendant guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>: that Defendant advertised, promoted, presented, distributed, or solicited;

<u>Second</u>: through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including computer;

<u>Third</u>: any material or purported material in a manner that reflected the belief, or that was intended to cause another to believe, that the material or purported material was, or contained, an obscene visual depiction of a minor engaging in sexually explicit conduct, or a visual depiction of an actual minor engaging in sexually explicit conduct; and

<u>Fourth</u>: that the defendant acted knowingly.

Ruschky & Shealy, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 417* (2024 Online Edition).

# **UNITED STATES INSTRUCTION NO. 7**

## **(Production of Child Pornography)**

Count Four of the Indictment charges that on or about May 31, 2014, Marion County, in the Northern District of West Virginia, and elsewhere, Defendant **STEVEN DAVID SEEGER**, did knowingly employ use, induce, entice, and coerce, Jane Doe - 2, a 15 year-old girl at that time, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and such person knew or had reason to know that such visual depiction would be transported and transmitted using any means of facility of interstate or foreign commerce, and such visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in or affecting interstate or foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2251(a) and (e).

# UNITED STATES INSTRUCTION NO. 8

### (Possession of Child Pornography)

Count Five of the Indictment charges that on or about March 29, 2021, Preston County, in the Northern District of West Virginia, Defendant **STEVEN DAVID SEEGER**, did knowingly possess an image of child pornography, as defined in Title 18, United States Code Section 2256(8), which had been transported in interstate and foreign commerce by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## **UNITED STATES INSTRUCTION NO. 9**

### **(Possession of Child Pornography – Elements)**

The defendant is charged in Count Five of the Indictment with knowingly possessing child pornography, transported in interstate and foreign commerce, by computer. This is a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). For you to find the Defendant guilty of this crime, you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

<u>First</u>: that the defendant possessed any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography;

<u>Second</u>: that it had been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

<u>Third</u>: that the defendant acted knowingly.

Ruschky & Shealy, *Pattern Jury Instructions for Federal Criminal Cases,*
 *District of South Carolina, p. 419* (2024 Online Edition).

## UNITED STATES' INSTRUCTION NO. 10

### (Various Terms Defined)

"Child Pornography" means any visual depiction, including any photography, film, video, picture, or computer or computer- generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

"Minor" means any person under the age of eighteen years.

"Visual Depiction" includes data stored on a computer disk or by other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually Explicit Conduct" means actual or simulated –

a) graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited;

b) graphic or lascivious simulated;
   i. bestiality;
   ii. masturbation;
   iii. sadistic or masochistic abuse; or

c) graphic or simulated lascivious exhibitions of the anus, genitals, or pubic area of any person

18 U.S.C. 2256(1)
18 U.S.C. 2256(2)(B)
18 U.S.C. 2256(5)
18 U.S.C. 2256(8)(A)

## **UNITED STATES' INSTRUCTION NO. 11**

### **("On or About" – Defined)**

The Indictment charges that the offenses alleged were committed "on or about" a certain date. Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the Government to prove that the offense was committed precisely on the date charged.

1A Fed. Jury Prac. & Instr. § 13:05 (6th ed.)
O'Malley, Grenig and Lee (Aug. 2017).

# UNITED STATES INSTRUCTION NO. 12

### ("Knowingly" – Defined)

The word "knowingly," as that term will be used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of ignorance, mistake, or accident.

*United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005)
Federal Jury Practice and Instructions, 5th Edition, Section 39.15 O'Malley, Grenig and Lee (2000).

## **UNITED STATES INSTRUCTION NO. 13**

### **("To Possess" Defined)**

The term "to possess" means to exercise control or authority over something at a given time. There are several types of possession--constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct "physical control or authority over something. The "possession" is called constructive when a person does not have direct physical control over something but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

Federal Jury Practice and Instructions, 5th Edition, Section 64.08 O'Malley, Grenig and Lee (2000)

# UNITED STATES INSTRUCTION NO. 14

## (Possession – Number of Images)

While the United States introduced evidence that it maintains proves that the Defendant possessed more than one image of child pornography, as charged in Count Five of the Indictment, the United States is only required to prove that the defendant possessed a single image.

Therefore, as long as you find beyond a reasonable doubt that the defendant knowingly possessed a single image, and that the other elements of either or both offenses have been proven beyond a reasonable doubt, you must find the defendant guilty of either or both offenses.

# UNITED STATES INSTRUCTION NO. 15

## (Use of a Facility or Means of Interstate Commerce Defined)

A transmission of communication by means of the telephone or Internet constitutes the use of a facility of interstate commerce. Use of the Internet, particularly Internet chat rooms, necessarily involves interstate communications and therefore constitutes the "use of a facility of interstate commerce."

*United States v. Kaye*, 451 S. Supll.2d 775 (4th Cir. 2006) citing *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir.2004).

# **UNITED STATES INSTRUCTION NO. 16**

## **(Expert Witness Testimony)**

You are about to hear testimony of what we call an "expert witness."

If scientific, technical, or other specialized knowledge might assist a jury in understanding the evidence or determining a relevant fact, the law permits an "expert" to testify and state an opinion concerning such matters.

However, merely because someone is qualified as an expert and offers an expert opinion does not require you to accept that opinion. Just as with any other witness, it is solely within your responsibility as jurors to decide whether or to what extent an expert's testimony is credible.

In assessing the credibility of expert testimony, you should consider whether the witness' training and experience are sufficient to support the testimony in question. You should also consider whether the expert's opinions were based on adequate information, sound reasoning, and good judgment.

*United States v. Barsanti*, 943 F.2d 428, 432 (4th Cir. 1991).

# UNITED STATES' INSTRUCTION NO. 17

## (United States' Failure to Use Specific Investigative Technique)

You are instructed that there is no legal requirement that law enforcement use any specific investigative technique to prove its case. Therefore, the United States is not required to present specific investigative techniques for you to find the Defendants guilty.

Some or all of you may have seen popular television shows such as CSI or Law & Order. The TV standards, and the capabilities of law enforcement as portrayed on TV, in the movies, and in podcasts, do not apply here to this trial. Witness testimony, if believed by you, is sufficient to establish the charges in this case. Specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find the Defendants guilty of the charges in this case. In short, law enforcement or investigative techniques are simply not your concern. Rather, your concern is whether the evidence which was admitted proved the Defendants' guilt beyond a reasonable doubt.

*United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992).

## CERTIFICATE OF SERVICE

I, Kimberley D. Crockett, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on March 19, 2025, the foregoing *United States' Jury Instructions* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas G. Dyer
Dyer Law
P.O. Box 1332
Clarksburg, WV 26302
*(Counsel for Steven David Seeger)*

                                                RANDOLPH J. BERNARD,
                                                ACTING UNITED STATES ATTORNEY

By:   /s/ Kimberley D. Crockett
          Kimberley D. Crockett
          Assistant United States Attorney
          WV Bar No. 9335