IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
UNITED STATES

UNITED STATES

v.                                                          CRIMINAL NO. 1:24-CR-42

STEPHEN DAVID SEEGER

**MOTION TO SUPPRESS EVIDENCE SEIZED
ON APRIL 26, 2021 WITH AUTHORITIES**

Now comes Stephen David Seeger, by his attorneys, Thomas Dyer, Esq., and Dyer Law, and Martin P. Sheehan, Esq., and Sheehan & Associates, PLLC, and moves to suppress evidence seized on April 26, 2021 pursuant to a warrant issued on April 19, 2021 and all evidence derived therefrom, commonly referred to as fruit of the poisonous tree.

**Introduction**

The Defendant has, by separate motion, moved to suppress evidence seized on March 29, 2021. That motion seeks to suppress certain evidence and to suppress fruit of the poisonous tree. This motion addresses the suppression of evidence seized from materials seized on March 29, 2021 and so, in the Defendant's view, examination of the seized material pursuant to a warrant issued on April 26, 2021 is encompassed within the earlier motion. However, because the examination purports to be pursuant to a separate warrant, that is, in the Defendant's view defective, this motion has also been filed.

Unlike the earlier motion where there does not appear to have been a search warrant at all, here there is a search warrant issued by a Preston County Magistrate.[1] The warrant was issued on

---

[1] Exhibit B, attached hereto is report of Trooper T.P. Nicholson concerning his investigation. He reports that he executed the search warrant issued in Preston County, West Virginia at a location in Monongalia County. The Magistrate lacked jurisdiction to issue a warrant outside the county in which she was serving. The warrant which was issued thus is not lawful.

April 19, 2021, pursuant to an Affidavit of Trooper T.P. Nicholson. A complete copy of the Warrant, the Affidavit and the Property Receipt is attached hereto as Exhibit A.

The Affidavit is very short. It seeks to search six specifically identified electronic devices, being the same six electronic devices seized on March 29, 2021.

The Affidavit seeks permission to search for "photographs, messages, videos and all other evidence of a violation of West Virginia State Code." There is no identification of what crime is being investigated in the portion of the Affidavit quoted above, but the Affidavit does assert that Mr. Seeger has committed a violation of W.Va. Code 61-8C-3. That provision makes it a crime, *inter alia*, to knowingly and willfully send or possess, including via electronic means, materials involving minors engaged is sexually explicit activity.

The facts supporting the application are reported as: "That on March 29, 2021, Trooper Nicholson was contacted by Kaitlin Stewart, who advised him that Steven Seeger blackmailed her into sending nude photographs, and sexually explicit videos to him when she was fifteen years old."

As in the Motion to Suppress Evidence Seized on March 29, 2021, the Defendant raises a challenge under Franks v. Delaware, 438 U.S. 154 (1978) in connection with the failure of Trooper Nicholson to disclose difficulties with the credibility of Kaitlin Stewart.

In addition, the Defendant challenges the specificity of the items which the warrant allowed a search to be made. Some aspect of this challenge rests on the description causing the warrant to be a general warrant.

**Standing**

For purposes of establishing standing, the Defendant notes that in a report concerning his activities on March 29, 2021, Trooper Nicholson identified 310 Hilltop Drive, as Mr. Seeger's residence. The property receipt associated with that seizure identifies six electronic storage devices

seized from that residence. Mr. Seeger had an expectation of privacy in the contents of the building, including the six electronic storage devices. As such, the Defendant had rights which were protected by the Fourth Amendment to the Constitution. He has standing to move to suppress.

### Report of Trooper - Franks v. Delaware - Nondisclosure of credibility issues involving Ms. Stewart

The burden in a challenge based on Franks v. Delaware, 438 U.S. 154 (1978) is on the movant, here Mr. Seeger. As the movant, Mr. Seeger must make a "substantial preliminary showing" that the affidavit is materially false, or recklessly false, in a material respect. Mr. Seeger proposes to carry that burden by relying on a Report of Criminal Investigation prepared by Trooper Nicholson, a copy of a portion of which is attached hereto as Exhibit B.

In his undated report, Trooper Nicholson recites that he spoke to Corporal Lee, a member of the Nacodgoches Police Department on March 26, 2021. The report summarizes a conversation between Trooper Nicholson and Cpl. Lee of the Nacogdoches (Texas) Police Department on that date. The report provides:

> [T]he victim [earlier identified as Kaitlin Stewart] provided a mix of information during said interview that was at times not accurate. The victim would then admit to not telling correct information and recant.

This is information about the credibility, or more accurately, the incredibility of the primary source of information relied upon in the affidavit. The issuing Judge was entitled to this information. United States v. Lull, 824 F.3d 109, 116 (4th Cir. 2016). There is no doubt that the affiant, Trooper Nicholson, possessed this information. It was not disclosed.[2]

In United States v. Lull, 824 F.3d 109 (4th Cir. 2016), the Court of Appeals for the Fourth

---

[2] In United States v. Gonges-Medrano, 3 F.4th 708 (4th Cir. 2021), the Court discusses that some indicia of reliability of information from an informant should be present. The Court reviews various possibilities including everything from anonymous informants; to informants with a track record; to known informants who information is corroborated in some measure.

Circuit sustained the appeal of a defendant who had entered a conditional plea of guilty after losing a motion to suppress. The Court of Appeals found that suppression was required when there was no disclosure of issues affecting an informants credibility, including the informant's arrest following his participation in what was supposed to have been a controlled buy.  Finding the affiant to the warrant had acted in reckless disregard of his disclosure obligations by not making such disclosures the Court of Appeals also concluded that the failure to make that disclosure was material. The Court vacated the conviction and remanded the case for further consideration.

Similarly here, the failure to disclose the credibility concerns about Kaitlin Stewart is equally problematic.  The omission renders information from her problematic in a knowing way, or in reckless disregard of the truth.  As such, the Affidavit violates the principles of <u>Franks v. Delaware</u>. The materials seized via the warrant must be suppressed.

As the entirety of the affidavit depends, in this instance on information learned from Ms. Stewart, there are no separate facts to support probable cause.

### Over Broad Descriptions of Items to be Seized

The crime purportedly under investigation outlaws visual depictions of sexually explicit conduct, a term defined in W.Va. Code 61-8C-1(c), as:

> (c) "Sexually explicit conduct" includes any of the following, whether actually performed or simulated: (l) Genital to genital intercourse; (2) Fellatio;(3) Cunnilingus;(4) Anal intercourse; (5) Oral to anal intercourse;(6) Bestiality;(7) Masturbation; (8) Sadomasochistic abuse, including, but not limited to, flagellation, torture or bondage;(9) Excretory functions in a sexual context; or (10) Exhibition of the genitals, pubic or rectal areas of any person in a sexual context.

The search for "photographs, messages, videos and all other evidence of a violation of West Virginia State Code" does not restrict the scope of the warrant to such materials. It is thus over broad.

### General Warrant

In authorizing the seizure of "all other evidence of a violation of West Virginia State Code,"

the warrant leaves to the discretion of the officer what is evidence of a violation of the West Virginia State Code. This is impermissible. A warrant must describe the items to be searched with specificity and cannot delegate the authority to a law enforcement officer as to what the officer believes should be seized. Sales Inc. v. New York, 442 U.S. 319 (1979).

## Conclusion

WHEREFORE, the Defendant moves this Court to suppress all materials obtained from the search on April 29, 2021, and all information derived therefrom, the fruit of the "poisonous tree", and for such other relief as may be warranted.

Respectfully submitted,

*/s/ Thomas G. Dyer*
Thomas G. Dyer, Esq. (WVSB No. 4579)
Dyer Law
347 Washington Avenue
Clarksburg, WV 26301
(304) 622-1635
(304) 624-9334 fax
dyerlawof@aol.com

*/s/Martin P. Sheehan*
Martin P. Sheehan, Esq. (WVSB No. 4812)
Sheehan & Associates, PLLC
1140 Main St., Suite 333
Wheeling, WV 26003
(304) 232-1064
(304) 232-1066 fax
Martin@MSheehanLaw.net
Paralegal@MSheehanLaw.net

**CERTIFICATE OF SERVICE**

I, Thomas G. Dyer, did file this document with the Clerk of the District Court for the Northern District of West Virginia on this 20th day of March 2025, via CM/ECF.  That caused service to be made on Assistant United States Attorneys Andrew R. Cogar, Kimberley D. Crockett and Morgan McKee, at their e-mail addresses of record.

*/s/Thomas G. Dyer*