IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**V.**     **Criminal Action No. 1:24CR42**
          **(Chief Judge Kleeh)**

**STEPHEN DAVID SEEGER,**

        **Defendant.**

GOVERNMENT'S REQUEST FOR JURY
DETERMINATION OF FORFEITURE
AND REQUESTED JURY INSTRUCTIONS

Pursuant to Rules 32.2(b)(5) and 32.2(b)(1)(A) and (B), the United States requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict, and submits the government's Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite forfeiture nexus.

Pursuant to Rule 30, the United States requests the Court to instruct the jury on the law as specified in Instruction requested herewith.

    Respectfully submitted,

    Randolph J. Bernard
    Acting United States Attorney

By:   /s/ Morgan S. McKee
      Morgan S. McKee
      Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

V.                                                    Criminal Action No. 1:24CR42
                                                      (Chief Judge Kleeh)

STEPHEN DAVID SEEGER,

          Defendant.

<u>Forfeiture Instruction Requested by the United States</u>

      Members of the jury, you now have make factual findings regarding property that may be forfeited as part of the convicted defendant's sentence. As I have previously advised you, the punishment imposed on a defendant is a matter strictly for the Court. However, in order for the Court to fulfill its role with respect to the sentencing, I must have your factual findings to enable me to determine what property, if any, constitutes property containing a visual depiction of a minor engaged in sexually explicit conduct produced, transported, mailed, shipped or received in interstate commerce, and what property, if any, was used or intended to be used to commit an offense of conviction. In reaching your factual decisions, you should not consider whether the forfeiture portion of the defendant's sentence may be excessive. That is an issue that this Court alone must decide. Similarly, you must not concern yourself with the question of whether anyone other than the defendant may own part or all of any property being inquired about because the Court will determine ownership issues in another proceeding.

      The United States alleges that the defendant used specific property to commit or promote the offenses of conviction. The term "commit or promote" references any property that was used, or intended to be used, in any substantial way to make a crime easier to conduct or harder to

detect.[1] Property need not be indispensable to the commission of a violation and need not be used exclusively for an illegal activity to be facilitating property.[2] All that is necessary is that the government prove that the property was used in any manner or part to commit or facilitate the commission of the violation.[3]

In reaching your verdict, you should not be concerned with whether such property may have been used for any legitimate purpose.[4] Instead you must focus exclusively on the issue of whether there is a substantial connection between a violation for which you have already found the defendant guilty and the properties in issue,[5] specifically:

1. Blue WD My Passport Ultra, S/N: WX1 1A64AHRR7;
2. Black WD My Passport, S/N: WX91A92N2294;
3. 16 GB Sandisk Ultra;
4. Black LG Nexus Model # LG-E960 cellular phone;
5. Samsung S21 Ultra cellular phone in Blue Otterbox; and
6. Silver Apple Macbook, S/N: W8645OCGWOM.

My previous instructions on the government's burden of proof regarding the issue of guilt or innocence do **not** apply to your further deliberations. Now, the government must only prove its case by a preponderance of the evidence, **not** beyond a reasonable doubt.[6] To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. The decision

---

[1] *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990). It is immaterial that *Schifferli* construes a civil forfeiture provision because Title 28 U.S.C. § 2461(c) permits the forfeiture in a criminal case of any property that may be forfeited in a civil proceeding.

[2] *Id*.

[3] *United States v. Warshak*, 2008 WL 509258, *1 (S.D. Ohio 2008).

[4] *Schifferli,* 895 F.2d 987, at 991.

[5] *Id*. at 989.

[6] *United States v. Cherry,* 330 F.3d 658, 669 (4th Cir. 2003) ("Because forfeiture represents a penalty, rather than a separate criminal offense or an element of a criminal offense, the court properly instructed the jury that the preponderance standard governed its findings under § 982.")

is made by considering all the evidence on the subject and deciding which evidence you believe. Each party is entitled to the benefit of all evidence received, regardless of who offered the evidence. Preponderance of the evidence is a lesser standard than proof beyond a reasonable doubt.

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

Your previous finding that the defendant is guilty of any offense is final, conclusive, and binding. Because you are bound by your previous finding of guilt, I direct you to not reconsider your earlier verdict during your further deliberations.

I have prepared a Special Interrogatory questionnaire for your use. You must unanimously agree on the answer to each question. Then, you may record the unanimous decisions by placing a check mark in the appropriate places on the form.

Once completed, the foreperson must then sign and date the Special Interrogatories.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

**V.**     **Criminal Action No. 1:24CR42
(Chief Judge Kleeh)**

**STEPHEN DAVID SEEGER,**

      **Defendant.**

### Special Verdict Form

We, the jury, respond to the Court's Special Verdict Form questions as follows:

1. Does the Blue WD My Passport Ultra, S/N: WX1 1A64AHRR7, contain a visual depiction of a minor engaged in sexually explicit conduct that was produced, transported, mailed, shipped or received in interstate commerce, as alleged in the Indictment?

    **YES**

    **NO**

2. Was the Blue WD My Passport Ultra, S/N: WX1 1A64AHRR7 used or intended to be used to commit an offense of conviction?

    **YES**

    **NO**

3. Does the Black WD My Passport, S/N: WX91A92N2294, contain a visual depiction of a minor engaged in sexually explicit conduct that was produced, transported, mailed, shipped or received in interstate commerce, as alleged in the Indictment?

    **YES**

    **NO**

4. Was the Black WD My Passport, S/N: WX91A92N2294 used or intended to be used to commit an offense of conviction?

>   **YES**
>
>   **NO**

5.  Does the 16 GB Sandisk Ultra contain a visual depiction of a minor engaged in sexually explicit conduct that was produced, transported, mailed, shipped or received in interstate commerce, as alleged in the Indictment?

    >   **YES**
    >
    >   **NO**

6.  Was the 16 GB Sandisk Ultra used or intended to be used to commit an offense of conviction?

    >   **YES**
    >
    >   **NO**

7.  Does the Black LG Nexus Model # LG-E960 cellular phone contain a visual depiction of a minor engaged in sexually explicit conduct that was produced, transported, mailed, shipped or received in interstate commerce, as alleged in the Indictment?

    >   **YES**
    >
    >   **NO**

8.  Was the Black LG Nexus Model # LG-E960 cellular phone used or intended to be used to commit an offense of conviction?

    >   **YES**
    >
    >   **NO**

9.  Does the Samsung S21 Ultra cellular phone in Blue Otterbox contain a visual depiction of a minor engaged in sexually explicit conduct that was produced, transported, mailed, shipped or received in interstate commerce, as alleged in the Indictment?

    >   **YES**
    >
    >   **NO**

10. Was the Samsung S21 Ultra cellular phone in Blue Otterbox used or intended to be used to commit an offense of conviction?

**YES**

**NO**

11. Does the Silver Apple Macbook, S/N: W8645OCGWOM, contain a visual depiction of a minor engaged in sexually explicit conduct that was produced, transported, mailed, shipped or received in interstate commerce, as alleged in the Indictment?

**YES**

**NO**

12. Was the Silver Apple Macbook, S/N: W8645OCGWOM, used or intended to be used to commit an offense of conviction?

**YES**

**NO**

So, Say We All,

_____
FOREPERSON