IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**                                                   Crim. Action No. 1:24-CR-42
                                                                  (Kleeh)

**STEVEN DAVID SEEGER,**

    **Defendant.**

**ORDER GRANTING UNITED STATES' MOTION IN LIMINE REGARDING VICTIMS' SEXUAL HISTORY [ECF NO. 53]**

Pending before the Court is the *United States' Motion in Limine Regarding Victims' Sexual History* [ECF No. 53], which was filed on March 19, 2025. To date, Defendant has not filed any response to the pending motion.[1] For the reasons stated herein, the United States' motion is **GRANTED**.

Rule 412 provides that "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" is "not admissible in a . . . criminal proceeding involving alleged sexual misconduct." Fed. R. Evid. 412 (a).

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and

---

[1] Local Rule of Criminal Procedure 47.01 (a) provides that, unless otherwise ordered, responses to pretrial motions are due within seven days of receipt of the pretrial motion.

**ORDER GRANTING UNITED STATES' MOTION IN LIMINE REGARDING VICTIMS' SEXUAL HISTORY [ECF NO. 53]**

---

> the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Fed. R. Evid. 412, Advisory Committee Notes (1994).

The Advisory Committee Notes define "other sexual behavior" as "all activities that involve actual physical conduct, i.e. sexual intercourse or sexual contact." Id. Further, the Advisory Committee Notes provide that "sexual predisposition" includes "evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder." Id.

Rule 412 (b)(1) provides certain exceptions for the admission of evidence in criminal cases:

(A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

(B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

(C) evidence whose exclusion would violate the defendant's constitutional rights.

Additionally, "[e]vidence is relevant if [ ] it has any tendency to make a fact more or less probable than it would be

**ORDER GRANTING UNITED STATES' MOTION IN LIMINE REGARDING VICTIMS' SEXUAL HISTORY [ECF NO. 53]**

without the evidence[,] and [ ] the fact is of consequence in determining the action." Fed. R. Evid. 401. Generally, relevant evidence is admissible, and irrelevant evidence is not. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the Government moves the Court to prohibit Defendant from introducing evidence of the victims' sexual history, including the victims' sexual history with respect to other males on and off-line and evidence as it relates to Jane Doe 2's alleged promiscuity. ECF No. 53. The Government raises this issue because, while interviewing victims Jane Doe 1 and Jane Doe 2 pre-trial, defense counsel inquired briefly into one of the victim's sexual histories. Id. Additionally, upon interviewing Defendant Seeger, the Government believes Seeger will attempt to introduce evidence of Jane Doe 2's other sexual history to argue she is a liar, or that he was harmed by her alleged lies and actions. Id.

Rule 412 provides if a party intends to offer evidence of a victim's sexual history, under an exception, the party must:

**ORDER GRANTING UNITED STATES' MOTION IN LIMINE REGARDING VICTIMS' SEXUAL HISTORY [ECF NO. 53]**

---

(A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;

(B) do so at least 14 days before trial unless the court, for good cause, sets a different time;

(C) serve the motion on all parties; and

(D) notify the victim or, when appropriate, the victim's guardian or representative.

Fed. R. Evid. 412(c)(1). Here, the Court's *Second Amended Scheduling Order* provided that, excepting motions in limine, all motions must be filed by February 10, 2025. ECF No. 42. As of April 3, 2025, Defendant has not filed any such motion seeking to introduce evidence under Rule 412(b)-(c), nor has Defendant proffered another permissible purpose for introducing such evidence. Notwithstanding, the Court will address the admissibility of such evidence.

Here, the evidence the Government seeks to exclude falls squarely within Rule 412's prohibition. Defense counsel cannot question victims on cross examination regarding their past sexual relationships or history with other men on or offline. The same is true regarding any efforts to impeach Jane Doe 2's credibility with such evidence.[2] In addition to not falling into

---

[2] Defendant is permitted to argue that Jane Doe 2 is a liar, without relying upon her sexual behavior or sexual

**ORDER GRANTING UNITED STATES' MOTION IN LIMINE REGARDING VICTIMS' SEXUAL HISTORY [ECF NO. 53]**

any of the three exceptions, the evidence is not relevant to the crimes for which Seeger is charged. The victims' past sexual behavior or sexual predisposition do not make a fact more or less probable regarding whether Defendant committed the crimes of Coercion and Enticement of a Minor for Sex; Production of Child Pornography; Solicitation of Child Pornography; or Sexual Exploitation of Children. Rather, such evidence would only serve to invade the victims' privacy, potentially embarrass or stereotype the victims, and otherwise infuse the jury's factfinding process with unduly prejudicial information. The record is devoid of any other purpose for introducing such evidence, beyond those prohibited under Rule 412.

Accordingly, for the reasons discussed herein, the *United States' Motion in Limine Regarding Victims' Sexual History* [ECF No. 53] is *United States' Motion in Limine Regarding Victims' Sexual History* [ECF No. 53] is **GRANTED**. Absent evidence of Government opening the door to rebuttal evidence, evidence of the victims' sexual history, including the victims' sexual history with respect to other males on and off-line and evidence as it relates to Jane Doe 2's alleged promiscuity, is **PRECLUDED**. If at any point during the jury trial Defendant believes the

---

predisposition, in accord with Rule 608 of the Federal Rules of Evidence.

**ORDER GRANTING UNITED STATES' MOTION IN LIMINE REGARDING
VICTIMS' SEXUAL HISTORY [ECF NO. 53]**

Government opened the door, the parties are **DIRECTED** to request the Court for a bench conference.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: April 4, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA