UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        Case No. 1:24-CR-42

STEVEN DAVID SEEGER,

        Defendant.

## UNITED STATES' MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF SPECIFIC EVIDENCE AND ARGUMENTS AT TRIAL

The United States of America, by Bernard J. Bernard, Acting United States Attorney, and Kimberley Crockett, Assistant United States Attorney, provides this brief supporting the Government's Motion in Limine to preclude the Defendant from offering evidence or argument regarding previously litigated suppression issues based on the Fourth, Fifth, and Sixth Amendment. This brief is further in support of the Government's Motion in Limine to preclude the Defendant from presenting arguments and testimony regarding his personal anecdotes of law enforcement, government, or legal system corruption.

Following a fully contested pre-trial on the Defendant's motions to suppress and the Government's motion for introduction of Kennedy/404(b) evidence at trial, the Court issued a sealed order denying the Defendant's motions to suppress. ECF 144. Defendant's case is now set for trial and the government anticipates the defendant may attempt to challenge the Court's ruling on the motions to suppress.

The Government now respectfully requests this Court preclude the Defendant and his counsel from making any suppression related arguments or presenting any evidence or eliciting

any testimony (even implied) that the evidence should have been suppressed based upon law enforcement officer's actions that violated Seeger's Constitutional Rights. Further, he should be precluded from any attempts to relitigate the suppression issues at trial.

Seeger should not be permitted to relitigate the suppression issues nor to draw attention to his personal beliefs or his untrained legal interpretation regarding both the constitutionality of law enforcement actions in this case or this Court's ruling as to application of the exclusionary rule. In addition, reference to law enforcement's search as illegal and that this Court erred in denying Defendant's motions on the suppression issues would be unduly prejudicial and misleading, and could create significant confusion of the issues, and waste time. See Fed. R. Evid. 403. Federal Rule of Evidence 403 states this Court "may excluded relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time[.]" *Id*.

In this case, even if Seeger can make a showing of relevancy of the suppression issues, such issues should be precluded under Rule 403. A typical jury often has no or limited understanding of the law and/or rules of evidence and admissibility. On the other hand, as evident in the media of recent years, mistrust of law enforcement is high among some groups of United States citizens. Allowing Seeger to present testimony and/or argument even suggesting law enforcement violated his constitutional rights in the search in this case carries a substantial risk that a jury of lay people would be misled and confused about the suppression issues and the ultimate issues of guilt or innocence of the crimes charged. Presentation of these issues would additionally waste time as these issues have already been thoroughly litigated, examined, and ruled upon by trained legal professionals and are still available for the Defendant to appeal if convicted. If the Defendant is convicted, he is entitled to appeal the Court's prior suppression rulings to the

Fourth Circuit Court of Appeals. In fact, the Government even presented the Defendant a conditional plea that would allow him to appeal these issues even if he pled guilty. He should not be allowed to invite speculation onto this Court's previous rulings and unfairly bias the jury against the Government's witnesses based on his personal beliefs of the law.

Accordingly, even if at all relevant, the exclusion of these issues is appropriate because the probative value is very low and substantially outweighed by the risk of misleading the jury, confusing the issues, and wasting time. See Fed. R. Evid. 403.

Wherefore, the Government respectfully requests this Court preclude the Defendant and his counsel from making any suppression related arguments or presenting any evidence or eliciting any testimony (even implied) that law enforcement actions including the search in this case was improper. The constitutionality of the Fourth, Fifth, and Sixth Amendment issues were litigated and the Court found the search of Defendant's home occurred without a warrant, that the *Leon* good faith exception for the officer's action did not apply, but because there was no deliberate, reckless, or grossly negligent conduct, or evidence of recurring or systematic negligence by the officer, the societal benefits of denying the suppression motion outweigh any minimal deterrent effect of suppression.

UNITED STATES OF AMERICA

RANDOLPH J. BERNARD
Acting United States Attorney

*/s/ Kimberley Crockett*
Kimberley Crockett

## CERTIFICATE OF SERVICE

      I, Kimberley D. Crockett, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on May 6, 2025, the foregoing UNITED STATES' MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF SPECIFIC EVIDENCE AND ARGUMENTS AT TRIAL was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas G. Dyer
Dyer Law
P.O. Box 1332
Clarksburg, WV 26302

                                              RANDOLPH J. BERNARD
                                              ACTING UNITED STATES ATTORNEY

                        By:    /s/ Kimberley D. Crockett
                                Kimberley D. Crockett
                                WV Bar Number 9335