UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                     **Case No. 1:24-CR-42**

**STEVEN DAVID SEEGER,**

        **Defendant.**

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE
REFERENCE TO JURY NULLIFICATION**

The United States of America, by Bernard J. Bernard, Acting United States Attorney, and Kimberley Crockett, Assistant United States Attorney, provides this brief supporting the Government's Motion in Limine to preclude the Defendant from introducing any evidence or argument relating to jury nullification and reference to any potential sentence the Defendant faces if convicted.

A jury must decide the case based on relevant evidence, and the Court specifically reminds the jury at the end of every case not to decide the facts based on sympathy. The Fourth Circuit has recognized that "[a]though a jury is entitled to acquit on any ground, a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, i.e. a jury has the power of nullification, but defense counsel is not entitled to urge the jury to exercise this power. See *United States v. Muse*, 83 F.3d 672 (4th Cir. 1996) citing *United States v. Moylan*, 417 F.2d 1002, 1006 (4th Cir.1969).

The Defendant should also be precluded from attempting to evoke sympathy from the jury by discussing his detention since his arrest in this case or any possible penalties if he is convicted.

Such evidence is irrelevant to this case and similarly amount to nothing more than impermissible jury nullification. The sole purpose of these anticipated arguments and evidence would be to mislead the jury, confuse the issues, and suggest the jury improperly decide this case on an emotional basis. Fed. R. Evid. 403.

Again, "[e]vidence which is not relevant is not admissible," Fed. R. Evid. Rule 402 and the Court should preclude evidence whose probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The Supreme Court has also recognized that "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994). While references to Defendant's health, age, finances, family circumstances, and potential punishment may be relevant at sentencing, such references at trial are not only irrelevant and unfairly prejudicial but are also a blatant ploy for sympathy and jury nullification as well. Thus, any reference to the potential sentence of imprisonment if convicted should be prohibited at trial.

Wherefore, the Government respectfully requests this Court should prevent the Defendant from poisoning the well with the below-described categories of information that would serve only to nullify the jury.

UNITED STATES OF AMERICA

RANDOLPH J. BERNARD
Acting United States Attorney

*/s/ Kimberley Crockett*
Kimberley Crockett

## CERTIFICATE OF SERVICE

      I, Kimberley D. Crockett, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on May 6, 2025, the foregoing UNITED STATES' MOTION IN LIMINE TO PRECLUDE REFERENCE TO JURY NULLIFICATION was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas G. Dyer
Dyer Law
P.O. Box 1332
Clarksburg, WV 26302

                                        RANDOLPH J. BERNARD
                                        ACTING UNITED STATES ATTORNEY

           By:     /s/ Kimberley D. Crockett
                        Kimberley D. Crockett
                        WV Bar Number 9335