IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES

v.   CRIMINAL NO. 1:24-CR-42

STEPHEN DAVID SEEGER

**MOTION FOR RELEASE ON CONDITIONS**

Now comes Stephen David Seeger, by his attorneys, Thomas Dyer, Esq., and Dyer Law Offices, and Martin P. Sheehan, Esq., and Sheehan & Associates, PLLC, and files this Motion for Release on Conditions.

1. The Defendant Steven Seeger was arrested in the Eastern District of California on July 16, 2024. While he had retained counsel, Thomas Dyer, Esq., in West Virginia, Mr. Seeger appears to have waived counsel for the detention hearing. He seemed preoccupied about attending to an eye appointment scheduled in California.

2. Mr. Seeger was detained in the Central District of California.

3. On prior occasions, Mr. Seeger has sought to revisit his detention. (Docket Entries 16, 17, 45) Those requests have been denied. (Docket Entries 8-2; 38, 47)

4. Mr. Seeger would now contend that there is a change in what he proposes as reasonable conditions for his release. Those factors are outlined below.

5. Mr. Seeger would also assert there has been a change in the procedural posture of this case that warrants revisiting his release conditions. This matter is also addressed below.

6. When the Government moves to detain a Defendant on the allegation that there are no conditions of release that would permit the release of the Defendant, the Government bears the

burden of showing, by clear and convincing evidence, that there are no conditions of release that would assure the appearance of the Defendant and the safety of the community.

7.     That remains the polestar for evaluation of detention of a person not convicted of an offense, although in the procedural posture of this case, the burden is now on the Defendant to show by clear and convincing evidence that some conditions of release exist that would satisfy the Court that the threat of flight and/or danger to the community are adequately ameliorated.

### Proposed Release Conditions

8.     The Defendant asserts that he is not a risk of flight nor danger to the community, such that he should continue to be detained without any conditions of release.

9.     The Defendant is willing to abide by any release condition that might be set by the Court. The Defendant proposes what he perceives as strict conditions:

    a.     To address flight risk, the Defendant is willing to rent a residence somewhere within the Northern District of West Virginia, or if the Court desires a further limitation, at a location in Harrison County, West Virginia.. The Defendant is further willing to allow that condition to be fully monitored by permitting his release on electronic monitoring.

    b.     The Defendant would agree to surrender any passport that he has as a condition of release.

    c.     The Defendant would ask that his pre-trial release be on conditions that would to afford him the opportunity to return to work. The Defendant recognizes that his

work,[1] typically conducted by him via computer, would cause the Government to be wary that his access to a computer would create the opportunity for the Defendant to engage in the illegal conduct of the type of which he has been accused, as well as any other illegal activity.

d.  The Defendant understands that the Administrative Office of United States Courts has published "Overview of Probation and Supervised Release Conditions" in July of 2024. Chapter XX of that publication provides for conditions that outline appropriate limitations on a person accused of a "cybercrime" that would permit "monitored computer access."

e.  In reliance on these materials, the Defendant believes, there are computer programs that can be installed to monitor all his activity on a computer, and that the installation and use of such a program on a single computer that the Defendant would be authorized to use would allay any and all concerns that the Defendant's access to, and use of a computer, would represent any danger to the community.[2]

f.  If use of a computer would be authorized by the Defendant as part of any type of release, clearly the United States Probation Office should have the authority to require use of the type of program outlined above. The Defendant would propose that

---

[1] The Defendant has worked as a computer programmer. He has employment waiting with his employer, Embedded Flight Systems, Inc. Contact person: Charles Rogers. (301) 806-0711; charlie.rogers@flightsystems.net See attached letter.

[2] The attached letter from Charles Rogers indicates that use of a single computer by Mr. Seeger to work for Embedded Flight Systems, Inc. can be done and that the United States Probation Office could have full access to that computer, without harm to the business of that entity.

the identification of such a program be a program which is satisfactory by the United States Probation Office.

g.      Similarly, the Defendant acknowledges that Probation Office should have the ability to require that the Defendant only use one computer on which approved software has been installed. The United States Probation Office should be authorized to monitor all activity on such a computer and to recover any data on said computer at the sole discretion of that office.

h.      Clearly, the use of a computer for work should also include a prohibition on use of said computer for any illegal activity, or any activity that could be a threat to any person, including but, not limited to, the alleged victims in this case.

i.      The Defendant recognizes that many functions of a computer are available on a cell phone. The Defendant proposes that his condition of release prohibit his use or possession of a cell phone of any kind. Because a land line is generally necessary to support electronic monitoring devices, the Defendant would have the ability to make voice calls via such a land line. Prohibition of a use of a cell phone should be adequate to support the conditions outlined above.

j.      The Defendant understands that the Administrative Office of United States Courts has published "Overview of Probation and Supervised Release Conditions" in July of 2024. Chapter XX of that publication provides for conditions that outline appropriate limitations on a person accused of a "cybercrime" that would permit "monitored computer access." Terms of release that require compliance with such terms is proposed by the Defendant.

**Postural Change of this Case**

10. The Defendant recognizes that he has entered a conditional plea of guilty to two counts of the Indictment. That development means that no longer is the decision to detain or release the Defendant governed by 18 U.S.C. § 3142. Now, that decision appears more likely governed by the provisions of 18 U.S.C. § 3143 - Release of Detention of Defendant Pending Sentence or Appeal.

11. Now, instead of the default position being release, the presumption shifts to favor detention, unless there is an affirmative finding, by clear and convincing evidence, that the Defendant is not a risk of flight or a danger to the community. 18 U.S.C. § 3143(a)(1). Thus it seems that the burden in now on the Defendant to demonstrate he meets the standards for release.

12. The factors to consider under 18 U.S.C. § 3143(a) are the same two factors, flight risk and danger to the community that were present from the beginning of the case. The burden of proof is now acknowledged to be different.

13. An appeal is premature until the Defendant would be sentenced. But once sentenced, then a third factor pertaining to release or detention becomes applicable. That factor is identified in 18 U.S.C. § 3143(b)(1)(B). It requires a finding that the appeal is not for purposes of delay and raises a substantial question likely to result in reversal and/or a new trial.

14. The standard for evaluating this portion of section 3143, is not whether the District Court believes it ruled incorrectly, but rather an issue is substantial if one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful. United States v. Steinhorn, 927 F.2d 195 (4th Cir. 1991). See also United States v. Randell, 761 F.2d 122 (2nd Cir. 1985) relying on United States v. Miller, 753 F.2d 19 (3rd Cir. 1985); United States v. Giancoloa, 754 F.2d 898 (11th Cir. 1985); and United States v. Handy, 753 F.2d 1487 (9th Cir. 1985).

15.     The entry of a conditional plea by Mr. Seeger indicates his strong interest in pursuing appellate relief. The questions reserved - pertaining to denial of two suppression motions - have to do with the ultimate denial of a motion to suppress after affirmative findings by the District Court that a) there was no search warrant issued for the search of 3/29/21, b) that the search of 3/29/21 was unconstitutional and c) that the "good faith" exception to the application of the exclusionary rule did not apply to that search. The District Court opinion declining to apply the exclusionary rule appears to rest on new, or novel, grounds. Seeking review of that decision is not for purposes of delay and does raise a substantial issue for appeal.

16.     If the appeal were successful, there is substantial reason to believe that evidence central to the Government's case would be lost to the Government in its case in chief.

17.     While the existence of a substantial question on appeal is the third factor for a Court to consider, this factor seems fully satisfied.

18.     Having a substantial issue to pursue on appeal makes the continued willingness of the Defendant to remain available more likely, not less. The legitimate prospect of an acquittal is no reason for a Defendant to abscond.

19.     The conditions now proposed by the Defendant meaningfully address the risk of flight and the potential threat to the community. These should be determined to be clear and convincing evidence.

WHEREFORE, the Defendant moves for his pre-trial release on the type of conditions identified herein, and any other conditions that the Court deems appropriate. The Defendant would request that his release be "phased in" so that he would have time to have an agent secure a residence with a land line (necessary for electronic monitoring) before he would be released. The

Defendant would similarly ask that use of a computer not be permitted, if permitted at all, pending the installation and approval of safeguards satisfactory to the United States Probation Office be phased in only after all such safeguards have been "activated."

    Respectfully submitted,

| | |
|---|---|
| s/ *Thomas G. Dyer* | s/ *Martin P. Sheehan* |
| Thomas G. Dyer, Esq. | Martin P. Sheehan, Esq. |
| W.Va. Bar No. 4579 | W.Va. Bar No. 4812 |
| 347 Washington Avenue | Sheehan & Associates, PLLC |
| Clarksburg, WV 26301 | 1140 Main St. |
| (304) 622-1635 | Suite 333 |
| (304) 624-9334 fax | Wheeling, WV 26003 |
| dyerlawof@aol.com | (304) 232-1064 |
| | (304)232-1066 fax |
| | Martin@MSheehanLaw.net |
| | Paralegal@MSheehanLaw.net |

## CERTIFICATE OF SERVICE

I, Martin P. Sheehan, did file this document with the Clerk of the District Court for the Northern District of West Virginia on this 7th day of August 2025, via CM/ECF. That caused service to be made on Assistant United States Attorneys Andrew R. Cogar, Kimberley D. Crockett and Morgan McKee, at their e-mail addresses of record.

s/*Thomas G. Dyer*
Thomas G. Dyer, Esq.

W.Va. Bar No. 4579
Dyer Law
347 Washington Avenue
Clarksburg, WV 26301
(304) 622-1635
(304) 624-9334 fax
dyerlawof@aol.com