UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEVEN DAVID SEEGER,<br>　　　　　Defendant. | Criminal Action No. 1:24-CR-42 |

UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE ON CONDITIONS

The United States of America and Randolph J. Bernard, Acting United States Attorney for the Northern District of West Virginia, by Assistant United States Attorney Kimberley Crockett, respectfully requests that this Court deny the relief sought in Defendant Seeger's Motion for Release on Conditions. [ECF 165].

On July 9, 2024, a grand jury sitting in Clarksburg returned a five-count indictment against the Defendant charging him in count one (1) with coercion and enticement of a minor for sex, in violation of Title 18, United States Code, Section 2422(b); in count two (2) production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); in count three (3) solicitation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(3)(B) and (b)(1); in count four (4) production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); and with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). [ECF 1].

On July 15, 2024, the Defendant was arrested in Truckee, California within the

Eastern District of California. See *United States v. Stephen David Seeger*, 2:24-mj-88 (E.D.Ca.); see also Fed. R. Crim. P. 5(c)(3). The United States moved for detention in the Eastern District of California, and following a couple of hearings the Defendant was detained by the Honorable Chi Soo Kim, United States Magistrate Judge, pursuant to the Bail Reform Act, set forth in 18 U.S.C. § 3142(f). On July 16, 2024, the Court issued a detention order in which it considered the factors in 18 U.S.C. §§ 3142(e)(3) and (g) to determine whether there were conditions of release that would reasonably assure the appearance of the Defendant and the safety of any other person and the community. The Court found (1) the rebuttable presumption for detention did apply as Defendant is charged with offenses involving minor victims; (2) by clear and convincing evidence, there is no condition or combination of conditions of release that will reasonably assure the safety of any other person and the community; (3) the Defendant was a risk of flight by a preponderance of the evidence; (4) the Defendant was subject to a lengthy period of concertation if convicted; (5) Defendant has a prior criminal history; and (6) the Defendant had background information unknown or unverified. [ECF 8-2].

On August 2, 2024, the Defendant filed two pleadings titled Motion for Review of Order Granting Detention, wherein he sought revocation of the order for detention. [ECF Nos. 16, 17]. The Defendant offered he was not a flight risk or threat to the community and has minimal criminal history. Further he has employment ready upon release and that there are pre-trial conditions with which he would comply, including <u>handing over his passport</u> and <u>computer monitoring</u>. The Government opposed the motion arguing rebuttable presumption that there are no combination of conditions that could assure his appearance, and he was a risk of danger to the community. The Government also noted Defendant has

a warrant out of Texas for a pending criminal case involving one of the victims of the instant offense. Further, the Government had concerns for flight given reports that he fled the area after selling his home for 1.2 million to avoid prosecution. After a full and fair hearing, this Court denied the motion to reconsider detention. [ECF 38].

Then in March 2025, Defendant Seeger filed yet another Motion for Release from Detention. [ECF 45], which this Court *summarily* denied finding the Defendant's detention remains proper and there was no new information within the Defendant's newest filing that overcame the presumption of detention. [ECF 46].

Now, Mr. Seeger has raised yet another motion for release on conditions raising two new factors for consideration: 1. Seeger has entered a conditional guilty plea to Coercion and Enticement of a Minor for Sex (10 - Life) and Production of Child Pornography (15 - 30), pursuant to a binding plea that exposes the Defendant to a prison sentence of 15 - 30 years; and 2. Defendant's conditional plea preserves his ability to appeal the denial of his motion to suppress, which raises a novel issue for appeal that he claims is likely to prevail. The Defendant notes he has ready employment, is willing to surrender his passport, and is willing to have his computer equipment monitored – all conditions he proposed in previous motions for release.

The Defendant is unable to meet his burden for release pursuant to 18 U.S.C. § 3143. He remains a danger to the community and is an extreme flight risk. Regarding his dangerousness, he stands convicted of 2 counts of child exploitation listed above with 2 victims. Seeger also has an active warrant for his continued victimization of one of those victims in the instant offense, and when confronted with his conduct by Texas authorities he advised he was not going to stop said conduct and that he doubted Texas was going to

extradite him from West Virginia.

Regarding risk of flight, assuming the District Court accepts the plea agreement in this matter, the Defendant will spend a mandatory minimum of not less than fifteen years in prison. He has the financial means to abscond, and a significant sentence provides the motivation to flee. Defendant's ex-wife previously expressed Seeger fled West Virginia to California to avoid this prosecution, and during his arrest the Defendant "joked" to special agents that he should have left for Japan before his arrest. Finally, there remains an active warrant for the Defendant out of Texas.

This Court previously considered the factors in 18 U.S.C. § 3142(g) and ultimately determined Defendant would be a danger to the community by clear and convincing evidence and a flight risk by a preponderance of the evidence and that no bond conditions could be set to reasonably ensure the appearance of the defendant and the safety of the community. Within his renewed motion Defendant Seeger raises no new condition that would overcome this Court's previous findings and the rebuttable presumption for detention, even under the provisions of § 3143.

Based upon the foregoing, the United States respectfully requests the District Court deny the Defendant motion for release.

    Respectfully submitted,

    RANDOLPH J. BERNARD
    ACTING UNITED STATES ATTORNEY

    By: /s/ Kimberley Crockett
    Kimberley Crockett
    Assistant United States Attorney
    217 West King Street, Suite 400
    Martinsburg, WV 25401
    Phone: 304-262-0590

## CERTIFICATE OF SERVICE

    I, Kimberley Crockett, Assistant United States Attorney, for the Northern District of West Virginia, certify that on August 8, 2025, the foregoing ***UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS*** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas G. Dyer (WVSB 4579)
Dyer Law
349 Washington Avenue
P.O. Box 1332
Clarksburg, WV 26302-1332

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By: /s/ Kimberley Crockett
Kimberley Crockett
Assistant United States Attorney
217 West King Street, Suite 400
Martinsburg, WV 25401
Phone: 304-262-0590