IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**  Crim. Action No. 1:24-CR-42
                                  (Kleeh)

**STEVEN DAVID SEEGER,**

   **Defendant.**

**ORDER DENYING DEFENDANT'S THIRD MOTION TO
RECONSIDER DETENTION [ECF NO. 165]**

Pending before the Court is Steven David Seeger's *Defendant's Motion for Release on Conditions.* ECF No. 165. The Government opposes Defendant's release. ECF No. 166.

The Court previously undertook a de novo review of Mr. Seeger's detention following the decision of Magistrate Judge Chi Soo Kim, of the Eastern District of California, to detain Defendant pending further proceedings. ECF No. 38. Following a thorough review of the parties' briefings, oral arguments, and Defendant's pretrial services reports, the Court denied Defendant's motion for reconsideration on September 10, 2024. Id. Thereafter, Defendant filed a second motion for release from detention [ECF No. 45], which the Court subsequently denied upon review of Defendant's renewed motion, as well as the entire record. ECF No. 47.

Defendant now moves for his release for the third time. Defendant contends the Court should revisit the issue of detention because he proposes new conditions for his release and there has

**ORDER DENYING DEFENDANT'S THIRD MOTION TO
RECONSIDER DETENTION [ECF NO. 165]**

been a change in the case's procedural posture. ECF No. 165. First, Defendant proposes that he be placed under "strict" conditions in which he resides within the Northern District and be placed under electronic monitoring. Id. Defendant wishes to return to work and his potential employer, Embedded Flight Systems, Inc., would agree to have the Court's computer monitoring software installed on Defendant's work computer. Id.; ECF No. 165-1. Defendant also proposes that the Court restrict Defendant from possessing a cell phone. Id. Defendant asserts that these conditions, along with the Court's typical pre-trial release conditions, would ensure Defendant would not be a flight risk or a danger to the community. Id.

Further, Defendant notes that the decision to detain or release Defendant is now governed by 18 U.S.C. § 3143 because he entered a conditional plea of guilty to two counts of the Indictment. Id. Defendant contends that the Court should consider that there is a substantial question of law that Defendant intends to appeal, as further support for releasing Defendant. Id.

In opposition, the Government asserts that Defendant cannot meet his burden under 18 U.S.C. § 3143 to justify release and that Defendant remains a danger to the community and a flight risk. ECF No. 166. The Government contends Defendant remains a danger because

he pled guilty to two counts of child exploitation and there is an active warrant for his arrest in Texas regarding one of the victims in this case. Id. The Government further argues that he is a flight risk because, if the Court accepts the conditional plea agreement, Defendant faces a mandatory minimum of fifteen years in prison. Id. The Government further relies on the Court's previous findings to support that no bond conditions could be set to reasonably ensure the appearance of Defendant and the safety of the community. Id.

Title 18, United States Code, Section 3143(a)(1), which governs the release and detention of a defendant pending sentencing, provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ....

18 U.S.C. § 3143(a)(1). The Court **FINDS** that Defendant's detention remains proper. None of the information in Defendant's newest filing [ECF No. 165] qualifies as clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. Rather, the

record as a whole supports that Defendant poses a danger to the community and is an elevated risk for nonappearance.

Accordingly, *Defendant's Motion for Release on Conditions* [ECF No. 165] is **DENIED**. The Detention Order [ECF No. 8-2] is again **AFFIRMED**. The Court **ORDERS** that Defendant remain detained pending sentencing.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel, the Office of Probation, and the United States Marshals Service.

DATED: August 18, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA