IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**                                           Crim. Action No. 1:24-CR-42
                                                                (Kleeh)

**STEVEN DAVID SEEGER,**

   **Defendant.**

## ORDER DENYING MOTION FOR RECONSIDERATION [ECF NO. 168]

Pending before the Court is Defendant Seeger's *Motion for Reconsideration*, which asks the Court to reconsider its prior determination on two suppression issues. ECF No. 168. First, Defendant moves the Court to reconsider its conclusions that evidence can be excluded even if the good faith exception is inapplicable and that Trooper Nicholson acted negligently. Id. Second, Defendant asks the Court to reconsider its conclusion that the search warrant affidavit provided a sufficient nexus to Defendant's property. Id.

In support of his Motion, Defendant provided a transcript of Trooper Nicholson's body cam footage, which Defendant contends was not available at the suppression hearing. Defendant disagrees that a district court may avoid application of the exclusionary rule where the good faith exception does not apply. ECF No. 168 at p. 4. Defendant further contends the Court erred in finding Trooper Nicholson acted merely negligent in this case. Id. at p. 5.

There is no specific rule in the Federal Rules of Criminal Procedure dealing with motions to reconsider interlocutory orders; however, federal district courts have "the inherent power, and thus jurisdiction, to reconsider interlocutory orders prior to entry of judgment on such orders." United States v. Tyson, 779 F. Supp. 3d 741, 752 (E.D. Va. 2025) (quoting United States v. Breit, 754 F.2d 526, 530 (4th Cir. 1985)). "It is within the sole discretion of the Court as to whether the granting of a motion to reconsider is appropriate." United States v. Torain, 77 F. Supp. 2d 749, 751 (S.D. W. Va. 1999) (citing Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989)). "A motion to reconsider should not be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through—rightly or wrongly.'" Id. (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Courts look to the Federal Rules of Civil Procedures regarding motions for reconsideration as a guide. Tyson, 779 F. Supp. 3d at 752. Interlocutory orders in criminal cases that do not dismiss all charges against the criminal defendant are governed by Rule 54(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 54(b); Tyson, 779 F. Supp. 3d at 752; United States v. Florentine, No. 6:22-cr-01012-DCC-1, 2024 WL 6468059, at *3 (D.S.C. Mar. 26, 2024). The Fourth Circuit has identified three avenues for reconsideration: "(1) a subsequent trial producing

substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Tyson, 779 F. Supp. 3d at 752 (citing U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018)). Federal district courts consistently deny motions to reconsider for failure to meet the standards of the avenues for reconsideration. See Tyson, 779 F. Supp. 3d at 752–53, 755–57 (denying motion to reconsider suppression ruling because the defendant failed to satisfy the standards for any avenue of reconsideration); Torain, 77 F. Supp. 2d at 753 (denying the Government's motion to reconsider suppression issue because it made no "manifest error of law"); United States v. Fuller, 761 F. Supp. 3d 125, 138–41 (D.D.C. 2025) (declining to reconsider its prior ruling and denying the motion to reconsider even where new arguments were presented); Florentine, 2024 WL 6468059 at *3 (denying defendant's motion to reconsider because he "failed to articulate any sufficient basis for the [district court] to grant his Motion to Reconsider").

Here, Defendant has not satisfied any of the three avenues for reconsideration of the Court's suppression order. First, following the Court's ruling, Defendant entered a plea of guilty to Counts One and Four of the Indictment; thus, no trial produced subsequently different evidence. Defendant's production of a "transcript" of Trooper Nicholson's body cam footage does not constitute new evidence, as the actual body cam footage was

3

admitted into evidence at the Court's suppression hearing. See ECF No. 113. Second, Defendant does not point to any change in applicable law justifying reconsideration. Third, the Court does not find that it erred in its ruling to cause a manifest injustice. As Defendant's Motion recognized, the Court's *Order Denying Defendant's Motions to Suppress [ECF No. 67, 78]* [ECF No. 144] was "lengthy" and "significant judicial energy [was] expended in making rulings on the Motions to Suppress. ECF No. 168 at pp. 1, 5. The subject Motion does not provide any new information or legal justification to support that the Court clearly erred in its suppression rulings. Rather, Defendant simply seeks to have the Court "rethink what the Court ha[s] already thought through." See Torain, 77 F. Supp. at 751.

The Court stands by its finding that the application of the exclusionary rule was not warranted under the specific circumstances of this case. There was no deliberate, reckless, or grossly negligent conduct, nor was there evidence of recurring or systematic negligence. As such, this Court found that the societal benefits of denying the suppression motion outweighed any minimal deterrent effect that suppression might have had. This decision aligns with other courts' decisions to not suppress evidence based on officer negligence. See United States v. Walker, 2025 WL 257129 (E.D. Pa. Jan. 21, 2025). The same is true regarding the Court's

4

finding that the Search Warrant Complaint and Affidavit provided a sufficient nexus to Seeger's residence.

The limited circumstances for a motion to reconsider are not present here. Further, Defendant's plea agreement [ECF No. 154] reserved his right to appeal this Court's suppression rulings. For the reasons stated herein, Defendant's *Motion for Reconsideration* [ECF No. 168] is **DENIED**.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: September 15, 2025

*[signature]*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA